# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>H. BRAR, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:11-cv-01372-SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Docs. 6 and 8) |

    Plaintiff Michael B. Williams, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 18, 2011. On November 2, 2011, Plaintiff filed a motion seeking a preliminary injunction enjoining Coalinga State Hospital officials (1) from treating him with experimental drugs and (2) from retaliating against him and treating him with deliberate indifference. Plaintiff supplemented his motion on February 3, 2012.

    For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 555 U.S. at 493 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

///

1  Further, a preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 22 (citation omitted).

In a separate order issued concurrently with this order, the Court dismissed Plaintiff's medical care claim, with leave to amend. Because Plaintiff's medical claim against Defendants Brar and Freeman is not cognizable, there is not currently an actual case or controversy before the court as to Plaintiff's medical issues and Plaintiff lacks standing to seek any relief. Summers, 555 U.S. at 493; Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-61, 112 S.Ct. 2130 (1992); City of Los Angeles v. Lyons, 461 U.S. 95, 101-05, 103 S.Ct. 1660 (1983); Mayfield, 599 F.3d at 969.

In addition, assuming Plaintiff will be able to cure the deficiencies in his claim, the claim arises out of events which occurred in December 2010. That legal claim does not give Plaintiff standing to seeking a preliminary injunction enjoining non-parties and remedying current conditions of confinement. Summers, 555 U.S. at 493; Lujan, 504 U.S. at 559-61; Lyons, 461 U.S. at 101-05; Mayfield, 599 F.3d at 969; Zepeda v. United States Immigration Service, 753 F.2d 719, 727.

Finally, the aforementioned deficiencies notwithstanding, Plaintiff's motion is not supported by any admissible evidence that he is likely to suffer irreparable harm in the absence of relief. Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865 (1997). The issue is one of medical care and Plaintiff is not qualified to offer his opinion that he is being subjected to experimental drugs or that he is likely to suffer irreparable harm absent intervention. Fed. R. Evid. 701, 702; Winter, 555 U.S. at 20.

///
///
///
///

For these reasons, Plaintiff's motion seeking preliminary injunctive relief, filed on November 21, 2011, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   April 9, 2012**                              /s/ Sheila K. Oberto
                                                        UNITED STATES MAGISTRATE JUDGE