1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

9   MICHAEL B. WILLIAMS,                    CASE NO. 1:11-cv-01372-SKO PC

10                         Plaintiff,        ORDER DENYING PLAINTIFF'S MOTION
                                            FOR PRELIMINARY INJUNCTIVE RELIEF
11        v.
                                            (Docs. 6 and 8)
12   H. BRAR, et al.,

13                         Defendants.
     _____/
14

15        Plaintiff Michael B. Williams, a civil detainee proceeding pro se and in forma pauperis, filed

16   this civil rights action pursuant to 42 U.S.C. § 1983 on August 18, 2011.  On November 2, 2011,

17   Plaintiff filed a motion seeking a preliminary injunction enjoining Coalinga State Hospital officials

18   (1) from treating him with experimental drugs and (2) from retaliating against him and treating him

19   with deliberate indifference.  Plaintiff supplemented his motion on February 3, 2012.

20        For each form of relief sought in federal court, Plaintiff must establish standing.  Summers

21   v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142 (2009) (citation omitted); Mayfield v.

22   United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted).  This requires Plaintiff to show

23   that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must

24   be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged

25   conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or

26   redress the injury.  Summers, 555 U.S. at 493 (quotation marks and citation omitted); Mayfield, 599

27   F.3d at 969.

28   ///

                                            1

1    Further, a preliminary injunction is an extraordinary remedy never awarded as of right.

2  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008)

3  (citation and quotation marks omitted).  "A plaintiff seeking a preliminary injunction must establish

4  that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence

5  of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

6  public interest."  Id. at 20 (citations omitted).  An injunction may only be awarded upon a clear

7  showing that the plaintiff is entitled to relief.  Id. at 22 (citation omitted).

8    In a separate order issued concurrently with this order, the Court dismissed Plaintiff's

9  medical care claim, with leave to amend.  Because Plaintiff's medical claim against Defendants Brar

10  and Freeman is not cognizable, there is not currently an actual case or controversy before the court

11  as to Plaintiff's medical issues and Plaintiff lacks standing to seek any relief.  Summers, 555 U.S.

12  at 493; Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-61, 112 S.Ct. 2130 (1992); City of Los

13  Angeles v. Lyons, 461 U.S. 95, 101-05, 103 S.Ct. 1660 (1983); Mayfield, 599 F.3d at 969.

14    In addition, assuming Plaintiff will be able to cure the deficiencies in his claim, the claim

15  arises out of events which occurred in December 2010.  That legal claim does not give Plaintiff

16  standing to seeking a preliminary injunction enjoining non-parties and remedying current conditions

17  of confinement.  Summers, 555 U.S. at 493;  Lujan, 504 U.S. at 559-61; Lyons, 461 U.S. at 101-05;

18  Mayfield, 599 F.3d at 969; Zepeda v. United States Immigration Service, 753 F.2d 719, 727.

19    Finally, the aforementioned deficiencies notwithstanding, Plaintiff's motion is not supported

20  by any admissible evidence that he is likely to suffer irreparable harm in the absence of relief.

21  Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865 (1997).  The issue is one of medical care

22  and Plaintiff is not qualified to offer his opinion that he is being subjected to experimental drugs or

23  that he is likely to suffer irreparable harm absent intervention.  Fed. R. Evid. 701, 702; Winter, 555

24  U.S. at 20.

25  ///

26  ///

27  ///

28  ///

1    For these reasons, Plaintiff's motion seeking preliminary injunctive relief, filed on November

2  21, 2011, is HEREBY DENIED.

3

4  IT IS SO ORDERED.

5  **Dated:    April 9, 2012**                                    **/s/ Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28