# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>        Plaintiff,<br><br>   v.<br><br>H. BRAR, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:11-cv-01372-SKO PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Docs. 1, 6, 7)<br><br>FIRST SCREENING ORDER (1) DISMISSING DEFENDANTS WIDODO AND AHLIN, AND (2) DISMISSING CLAIM AGAINST DEFENDANTS BRAR AND FREEMAN, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**First Screening Order**

**I.     Screening Requirement and Standard**

Plaintiff Michael B. Williams, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 18, 2011. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Claims

### A. Claims Against Defendants Brar and Freeman - Medical Care

#### 1. Allegations

Plaintiff is currently detained at Coalinga State Hospital (CSH) and he brings this action against CSH Executive Director Pam Ahlin; Dr. H. Brar, a contract nephrologist; Imgrid Freeman, Dr. Brar's nurse and assistant; and Rudy Widodo, a psychiatric technician at CSH. Plaintiff alleges that Defendants violated his rights under the United States Constitution relating to his medical care and disciplinary proceedings instituted against him. Plaintiff seeks damages, declaratory relief, injunctive relief, and the appointment of counsel.

Plaintiff alleges that he had heart bypass surgery on January 26, 2008, and medical officials at CSH put him on ferrous sulfate, 325 mg., twice a day "without his informed consent." (Comp., ¶14.) Over the next thirty-two months, Plaintiff developed serious medical problems, including abdominal pain, nausea, constipation, and kidney damage, which Plaintiff blames on a higher than normal ferrous sulfate dosage. Plaintiff also suffered from chronic, spasmodic lower back pain, which his health care providers determined was arthritis and for which they provided different prescription medications.

///

On December 3, 2010, Defendants Brar and Freeman interviewed Plaintiff for the stated purpose of discontinuing those medications which were having the most adverse effect on Plaintiff's kidneys. Plaintiff alleges that neither Defendant Brar nor Defendant Freeman mentioned the high dose of iron he was taking, which Plaintiff believes was causing devastating damage to his kidneys and serious side effects such as pain in his kidneys and lower extremities, and a back-up of body waste. Plaintiff alleges that Defendants should not have continued him on the higher than recommended dose of ferrous sulfate without his informed consent, because they knew or should have known that it would cause him to develop cardiac disease and/or increase his risk of developing cirrhosis, heart failure, kidney failure, or death due to overdose.

On January 10, 2011, Defendant Freeman tried to schedule another nephrology follow-up appointment for Plaintiff, but he declined the appointment because by then, he suspected Defendants of malpractice.

### 2.     **Legal Standard**

As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause. Youngberg v. Romeo, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982). A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." Youngberg, 457 U.S. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure professional judgment was exercised. Id. at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the Youngberg standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed).

///

### 3. **Discussion**

The Court finds that Plaintiff's allegations do not give rise to a plausible claim for relief under section 1983. Plaintiff is apparently basing his belief that he was subjected to a detrimentally high dose of iron on an internet article, which he attaches to his complaint. (Comp., Ex. A.) However, ferrous sulfate and elemental iron, the latter of which is the subject of the article, are not the same thing. Ferrous sulfate is an over-the-counter medication and it is available in various dosages, including 325 mg., which is what Plaintiff was taking, twice a day.

Plaintiff has concluded that the ferrous sulfate caused him serious medical problems and that Defendants Brar and Freeman should have mentioned it during the interview on December 3, 2010, but Plaintiff's complaint is devoid of any specific factual allegations supporting those conclusions. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50. There is nothing about the ferrous sulfate dosage and the actions of Defendants Brar and Freeman which will, on their face, support a federal constitutional claim on the ground that Defendants failed to exercise professional judgment and in doing so, substantially departed from accepted judgment, standards, or practices. Youngberg, 457 U.S. at 323. In sum, Plaintiff's conjecture regarding ferrous sulfate and Defendants' actions is insufficient to support a plausible claim for relief under section 1983. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50.

### B. **Claims Against Defendant Widodo - Improper Joinder**

Plaintiff alleges that after he exercised his right to refuse the ferrous sulfate, Defendant Widodo retaliated against him by filing disciplinary charges against him on May 26, 2011. Plaintiff alleges that he was denied notice and an opportunity to be heard, and he lost commissary and other CSH privileges as punishment. Plaintiff alleges retaliation and due process claims against Defendant Widodo.

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance

4

1  Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly
2  joined under Rule 20(a) will the Court review the other claims to determine if they may be joined
3  under Rule 18(a), which permits the joinder of multiple claims against the same party.
4       Here, Defendants Brar and Freeman are properly joined as parties because Plaintiff's claim
5  against them arises from the same transaction or occurrence.  However, Plaintiff's claims against
6  Defendant Widodo arise from an entirely separate and different transaction or occurrence and they
7  do not share common issues of law or fact.  Therefore, Defendant Widodo is not properly joined as
8  a party and he shall be dismissed, without prejudice.
9       **C.**     **Defendant Ahlin**
10       Finally, Plaintiff alleges that Defendant Ahlin is the "real party in interest."  Under section
11  1983, Plaintiff must link each named defendant to the participation in the violation at issue.  Iqbal,
12  556 U.S. at __, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21
13  (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams,
14  297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed on supervisory personnel under the
15  theory of *respondeat superior*, Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235,
16  and as an administrator, Defendant Ahlin may only be held liable if she "participated in or directed
17  the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d
18  1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales
19  v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of
20  Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir.
21  1997).  In short, some culpable action or inaction must be attributable to Defendant Ahlin.  Starr, 652
22  F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San
23  Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).
24       Plaintiff's complaint is devoid of any factual allegations linking Defendant Ahlin to actions
25  or omissions which purportedly violated Plaintiff's rights.  Therefore, Plaintiff fails to state a claim
26  against Defendant Ahlin.  In light of the absence of any facts upon which a claim against Defendant
27  Ahlin might lie, she shall be dismissed from this action without leave to amend.  Lopez v. Smith,
28  203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

1  III.  **Appointment of Counsel**

2  Plaintiff sought the appointment of counsel in his complaint, in his motion for preliminary
3  injunctive relief filed on November 21, 2011, and in a motion for counsel filed on December 16,
4  2011.

5  Plaintiff does not have a constitutional right to the appointment of counsel in this action.
6  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th
7  Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §
8  1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970;
9  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1981). In making this determination, the
10 Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate
11 his claims *pro se* in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970
12 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is
13 dispositive and they must be viewed together. Palmer, 560 F.3d at 970 (citation and quotation marks
14 omitted); Wilborn 789 F.2d at 1331.

15 In the present case, the Court does not find the required exceptional circumstances. The
16 Court cannot find that Plaintiff is likely to succeed on the merits given its determination that Plaintiff
17 has failed to state a cognizable claim and the record demonstrates Plaintiff's satisfactory ability to
18 articulate his claims. Even if it is assumed that Plaintiff is not well versed in the law and that he has
19 made serious allegations, his case is not exceptional. The Court is faced with similar cases almost
20 daily. Therefore, Plaintiff's request for the appointment of counsel is denied.

21 IV.  **Conclusion and Order**

22 Plaintiff's complaint fails to state a claim under section 1983. The Court will provide
23 Plaintiff with the opportunity to file an amended complaint curing the deficiencies in his claim
24 against Defendants Brar and Freeman. Lopez, 203 F.3d at 1130; Noll, 809 F.2d at 1448-49. Plaintiff
25 may not change the nature of this suit by adding new, unrelated claims in his amended complaint.
26 Fed. R. Civ. P. 18(a), 20(a)(2);

27 Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what
28 each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556

6

1  U.S. at __, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be
2  [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555
3  (citations omitted).
4       Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114
5  F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be
6  "complete in itself without reference to the prior or superceded pleading," Local Rule 220.
7  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an
8  amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand,
9  644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.
10      Based on the foregoing, it is HEREBY ORDERED that:
11      1.   Plaintiff's motion for the appointment of counsel is denied;
12      2.   Plaintiff's claims against Defendant Widodo are dismissed, without prejudice, as
13           improperly joined;
14      3.   Defendant Ahlin is dismissed from this action, with prejudice, for failure to state a
15           claim against her;
16      4.   The Clerk's Office shall send Plaintiff a complaint form;
17      5.   Plaintiff's complaint is dismissed for failure to state a claim upon which relief may
18           be granted under section 1983;
19      6.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
20           amended complaint; and
21      7.   If Plaintiff fails to file an amended complaint in compliance with this order, this
22           action will be dismissed, with prejudice, for failure to state a claim.
23
24  IT IS SO ORDERED.
25  **Dated:   April 11, 2012**                    /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE
26
27
28