1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9  | MICHAEL B. WILLIAMS, | CASE NO. 1:11-cv-01372-SKO PC
---|---|---

10

|                     Plaintiff,  | ORDER (1) OVERRULING OBJECTION AND DISREGARDING REQUEST FOR RECONSIDERATION BY JUDGE ISHII, (2) DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE, AND (3) DENYING MOTION FOR APPOINTMENT OF COUNSEL

11     v.

12  H. BRAR, et al.,

13                     Defendants.

14                                                                   (Doc. 11)

15  _____/

16  **Order Denying Motion for Reconsideration and for Counsel**

17        Plaintiff Michael B. Williams, a civil detainee proceeding pro se and in forma pauperis, filed

18  this civil rights action pursuant to 42 U.S.C. § 1983 on August 18, 2011.  On April 18, 2012,

19  Plaintiff filed a motion seeking reconsideration of the Court's orders denying his motion for a

20  preliminary injunction and dismissing his complaint, with leave to amend, for failure to state a claim.

21  Plaintiff also seeks the appointment of counsel.

22  **I.       Consent**

23        As a preliminary matter, Plaintiff's objection to the resolution of his motion for injunctive

24  relief by the undersigned is without merit and his request for reconsideration by the Honorable

25  Anthony W. Ishii is disregarded.  Plaintiff consented to Magistrate Judge jurisdiction on August 25,

26  2011, and therefore, this action is assigned to the undersigned to resolve all pending matters pursuant

27  to Appendix A(k)(4) of the Local Rules of the Eastern District of California.  (Doc. 5.)  Furthermore,

28  ///

1

1   a party's disagreement with a court's ruling provides no basis for the withdrawal of consent. <u>Dixon</u>

2   <u>v. Ylst</u>, 990 F.2d 478, 480 (9th Cir. 1993).

3   **II.      Reconsideration**

4         **A.      Legal Standard**

5         Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order

6   for any reason that justifies relief.  Rule 60(b)(6) is to be used sparingly as an equitable remedy to

7   prevent manifest injustice and is to be utilized only where extraordinary circumstances exist.

8   <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted).  The

9   moving party must demonstrate both injury and circumstances beyond his control.  <u>Id.</u> (quotation

10  marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show

11  "what new or different facts or circumstances are claimed to exist which did not exist or were not

12  shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or

13  circumstances were not shown at the time of the prior motion."

14        "A motion for reconsideration should not be granted, absent highly unusual circumstances,

15  unless the district court is presented with newly discovered evidence, committed clear error, or if

16  there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or

17  present evidence for the first time when they could reasonably have been raised earlier in the

18  litigation." <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir.

19  2009) (internal quotations marks and citations omitted) (emphasis in original).

20        **B.      Discussion**

21        The basis for Plaintiff's motion is his belief that the undersigned is without authority to rule

22  on his motion, which was addressed above, and his disagreement with the Court's rulings.

23        Both orders at issue provided Plaintiff with the applicable legal standards and set forth the

24  Court's reasoning in support of its orders.  The Court notes that Plaintiff misrepresents the rulings.

25  Plaintiff asserts that the Court wrongly found his medical care claim to be frivolous and he argues

26  that his claim against Defendant Widodo, which was dismissed without prejudice, is cognizable.

27  ///

28  ///

1    The Court found that Plaintiff's medical care claim did not state a claim upon which relief

2  may be granted under section 1983; the Court did not find that Plaintiff's claim was frivolous.[1]

3  Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949 (2009) (a claim must be facially

4  plausible to state a claim); Neitzke v. Williams, 490 U.S. 319, 324-27, 109 S.Ct. 1827, 1831-32

5  (1989) (a complaint or claim is frivolous if it lacks arguable basis in law or in fact).  Plaintiff's claim

6  against Defendant Widodo was dismissed, without prejudice, for improper joinder.  Fed. R. Civ. P.

7  20(a)(2).  The claim was not reviewed on its merits and no finding was made that it failed to state

8  a claim upon which relief may be granted.

9    Further, Plaintiff's concern regarding the 120-day service rule is misplaced.  Fed. R. Civ. P.

10  4(m).  The need for the Court to screen complaints prior to service is "good cause" under the rule

11  and in no event will Plaintiff's complaint be subject to dismissal under Rule 4 because it was not

12  served within 120 days of filing.  Id.

13    In conclusion, Plaintiff's misconstruction of the screening order notwithstanding, his mere

14  disagreement with the Court's determinations is not grounds for seeking reconsideration and his

15  motion is denied.  U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

16  **III.    Counsel**

17    Finally, Plaintiff also seeks the appointment of counsel.  Plaintiff does not have a

18  constitutional right to the appointment of counsel in this action.  Palmer v. Valdez, 560 F.3d 965,

19  970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).  The Court may

20  request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only

21  if exceptional circumstances exist.  Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328,

22  1331 (9th Cir. 1981).  In making this determination, the Court must evaluate the likelihood of

23  success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the

24  complexity of the legal issues involved.  Palmer, 560 F.3d at 970 (citation and quotation marks

25

26    [1] In Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989), the Supreme Court was analyzing a previous

27  version of the in forma pauperis statute.  To the extent Plaintiff is arguing that the Court can only dismiss his claim if
    it is frivolous, his argument is precluded by the current version of the statute, which permits dismissal for failure to

28  state a claim.  28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (recognizing that
    section 1915(d), at issue in Neitzke, has been replaced).

1  omitted); <u>Wilborn</u>, 789 F.2d at 1331.  Neither consideration is dispositive and they must be viewed

2  together.  <u>Palmer</u>, 560 F.3d at 970 (citation and quotation marks omitted); <u>Wilborn</u> 789 F.2d at 1331.

3       In the present case, the Court does not find the required exceptional circumstances.  Even if

4  it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations

5  which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with

6  similar cases almost daily.  In light of Plaintiff's failure to state a cognizable claim regarding medical

7  care, no finding that Plaintiff is likely to prevail on the merits may be made at this time and the

8  record amply demonstrates Plaintiff's ability to articulate his claims pro se.

9  **IV.**   **<u>Order</u>**

10       Based on the foregoing, it is HEREBY ORDERED that:

11     1.   Plaintiff's objection to the ruling on his motion for preliminary injunctive relief by

12       the undersigned is overruled and his request for reconsideration by Judge Ishii is

13       disregarded;

14     2.   Plaintiff's motion for reconsideration of the order denying his motion for preliminary

15       injunctive relief and the screening, filed on April 18, 2012, is denied, with prejudice;

16       and

17     3.   Plaintiff's motion for the appointment of counsel is denied.

21  IT IS SO ORDERED.

22  **Dated:**   **April 30, 2012**        /s/ Sheila K. Oberto
                               UNITED STATES MAGISTRATE JUDGE

4